Your argument in our next case, Deal v. Mercer County Board of Education. Whenever the lawyers. Good morning, your honors. May it please the court. Mark Schneider on behalf of Elizabeth Deal and her daughter, Jessica Rowe, who's using a pseudonym in this case. Elizabeth and Jessica brought this case based upon their encounters with the Bible in the Schools program. They encountered the program not through any artifice, but simply because Elizabeth resides in Mercer County, and compulsory education laws compel Jessica to attend Mercer County schools. Their encounters with the program began when Elizabeth opted Jessica out of the program, and Jessica was placed in a coat room area in the rear of the classroom during the Bible instruction, where she could still hear the Bible class being delivered to the removed her from the classroom altogether and placed her in a separate room. This is when the harassment began. Jessica was told that she and her family were on a path to eternal damnation just for opting out of a Bible class. This situation ultimately led to Jessica being chased away from the school altogether. Feeling like an outsider in her own community, and to put a stop to these escalating injuries, Elizabeth is making the decision to send her daughter to an outside school. These past and ongoing injuries are redressable by the relief requested in the amended complaint, and they are not mooted simply because in response to this litigation, the Mercer County schools have temporarily suspended the Bible in the school's program. Do we know if an appellant intends to return to Mercer schools? Well, we need not know that for purposes of standing analysis. Without knowing the scope of any relief that might be given in terms of an injunction, without knowing what may happen during the course of litigation, I think it's just simply unrealistic to ask a parent making a decision about their child's education. I'm promising my question on, let's say, if a permanent injunction is granted. Would that change the analysis? The appropriate question is... No, no, I get to decide. My question was, why is what appellants might do if a permanent injunction is granted, not relevant to the purpose of standing? Your Honor, it's just not known, is the problem. What's not known? If a permanent injunction is granted, what would not be known? What may happen during the life of this case? The minor plaintiff is using a pseudonym because these are very charged cases. There could be threats against the family, there could be public outcry in the community, all of which... So you're saying you can't tell us what will happen, what your client will do if we grant an injunction as requested. Is that your position? Yes, Your Honor, but I want to make clear that I don't believe the requirements of standing demand that of a plaintiff at the outset of the case. I think the appropriate question is, can Jessica return? Can she return? Can this court enjoin the obstacle that my client's alleged is unconstitutional, preventing her from attending? Well, the injunction on language you see is in paragraph C of your prayer for relief, correct? Yes, Your Honor. And it seeks an injunction against, yeah, organizing, I'm not reading every bit of it, organizing, administering or otherwise endorsing Bible classes for Mercer School students in grades kindergarten through eighth grade. That's the injunction you've solved in your complaint, admitted complaint, correct? Yes, Your Honor. And so it doesn't tell us what program you are seeking an injunction for. The complaint, as pled, talks about Bible classes in general. Well, I think in its entirety, it's clear that this is a claim against the Bible in the schools program. We talked about the Bible in schools program throughout your complaint in very clear terms, and then when you came to an injunction, you didn't use the terms you'd used throughout your complaint. You saw an injunction for Bible classes in general for Mercer County. Am I reading that right? That's fair reading, Your Honor. Okay, thank you. Yes, and I think that the ultimate relief that will be granted depends upon the development as the case develops. So I think what this complaint is about at its core is the Bible in the schools program, and obviously the plaintiffs would object to minor modifications to that program. They believe that fundamentally the program as it is constructed as a primary school education tool for the Bible is unconstitutional. So talk to us about the ongoing injuries. Yes, Your Honor, and this is the district court error, and it's where the defendants urge this court to err, is to not consider the ongoing injuries that are alleged in the complaint. There are two. One is the ongoing avoidance that is still going on today, and the second is the ongoing feelings of exclusion that are still going on today. The means of avoidance have changed, but the injury remains the same. Just as Jessica was avoiding the Bible in the schools classroom by being sent to a separate classroom, subjecting her to ridicule from her peers, Elizabeth and Jessica are avoiding the Bible in the schools program today just by taking that one step further to further mitigate the injury by sending Jessica to an outside school. Elizabeth still resides in Mercer County. Jessica is still primary school age, and that is what I was getting at when I said that really what's for this court is the removal of the obstacle that is preventing Jessica from being able to attend the school. The marginalization and exclusion injuries are sort of what we regard as sort of typical First Amendment injuries that are ongoing. Correct. Correct. Yes, based upon continued residence in the community, this is not some distant objection. I'm not even sure that's necessary. Well, and I guess that this court's recent en banc decision in the IRAP 2 case, which was vacated on other grounds but is still very instructive, talks a lot about that issue and the appropriateness of the feelings of exclusion as an injury, especially in the establishment clause setting. Yes, establishment clause cases. So if you, this is not to suggest any way an outcome, but assume the injunction claim is improper and for a certain reason that we were deciding you're left with nominal damages claims. Talk about the authority for a nominal damages claim only when a compensatory damages claim has not been put. Sure, Your Honor. First, I want to start with the fact that there's no dispute that there are past injuries alleged in this complaint. Defendants don't dispute that. The defendants try to dispute that nominal damages are designed to compensate for retrospective relief for past injuries. And to get to Your Honor's question about the authority on this issue, although neither the Supreme Court nor this court has squarely addressed the question of nominal damages alone being enough for standing, the case law that does exist on the subject certainly suggests that that is enough. Starting with the Supreme Court case law, we cited extensively to Cary v. Piffus and Memphis School District v. St. George. In both of those cases, compensatory damages were sought in the beginning. So as we look at standing, we're trying to see at the beginning of a case is a point of seeking recovery that is appropriate for us to redress. And in those cases, while I understand your arguments about how they would apply, they involve plaintiffs who are at least seeking at the outset of the case damages that are typical for us to redress. I realize courts have said when you seek those and aren't able to prove them, nominal damages can still be enough. But I think all the cases you cited involved that situation and not one where someone sought nominal damages alone at the beginning of the case. Am I right about that? That is fair, Your Honor. But it's not just that holding that nominal damages can enter the picture when compensatory damages fail that we focus on. The commentary about what nominal damages represent is what is important in those cases. And those cases clearly state that nominal damages are the appropriate form of relief for past constitutional deprivations where there are no compensatory damages. And in the Cary case, the court says that nominal damages claims should be actionable. And so we're left without this question being squarely addressed, but we have this discussion of the actionability of nominal damages claims that we think certainly are important to consider. And looking within this circuit, we pointed the court to the Covenant Media case, the Greenville School District case, and the Mellon versus Fonte. Oh, yeah, yeah, you're right. Sorry. I'm sorry. So, but if we should conclude that injunctive relief was that you had standing to request injunctive relief at the outset of this lawsuit, we don't have to resolve the question of whether these nominal damages would give you standing, right? Well, certainly. I think there are cases that... You can answer that yes or no, and then you can explain it. Sure. Your Honor, I think the court does need to consider the nominal damages question. I understand that you think we should consider. Do we have to, do you have to, if you have standing to request injunctive relief at the outset of this lawsuit, do we need to? I think you think we should, but do we need to say that injunctive relief is also, I mean, that nominal damages also give you standing? Yes, if the plaintiffs are to... I've never heard that you need to have standing on two grounds, but that's a new doctrine. What case says that? If the plaintiffs are to be able to ever receive nominal damages... Yeah, but you're talking about another case. If you don't have standing to ask for injunctive relief, then that court can resolve whether nominal damages give you standing. I certainly don't want to make my case any more difficult, Your Honor. I think you maintain that you had standing to, when the lawsuit was filed, to ask for injunctive relief. Yes. Do you maintain that or not? The questions both must be answered? No. When this lawsuit was filed, did you have standing to ask for injunctive relief? Yes, Your Honor, based upon the ongoing injuries alleged in the complaint. Then the question becomes whether, in fact, that claim is now moot, a question that should be answered. Correct, Your Honor, and we believe that that is the proper way to frame the consideration of this post-complaint evidence that's been introduced by the school. That evidence must... The school has the burden to demonstrate that this case is moot, and that burden is well established under the voluntary cessation doctrine. It's a heavy burden. It must be absolutely clear that the program will not return. The evidence pointed to is woefully insufficient against that standard that really are only newspaper accounts that are pointed to. There's no declaration or affidavit from anyone on behalf of the district, and the newspaper accounts are very contradictory. I mean, it's certainly the case that this program has been suspended, but less than a month before the suspension of the program, the superintendent who recommended the suspension is quoted in the newspaper saying, we're fighting this case. We still hope to win, but we haven't given up. So given the lack of evidence from the district, I think that it's very clear that the voluntary cessation doctrine is designed for specifically these sorts of situations and prevents this case from being moot at this time. If I could just circle back to one other comment I wanted to make on the nominal damages. Can you just speak why you didn't ask for compensatory damages? Can you tell me that? Sure, Your Honor, and that actually dovetails with the commonality. Because you want us to make some sort of holding about nominal damages. That's why you did it, right? For strategic reasons. No, Your Honor. Well, it seems to me you did have a claim, at least when we look at your complaint. Yes, and I think this court has long acknowledged the sort of very personal, spiritual injuries that are typically involved in Establishment Clause cases. And that's not necessarily a comfortable place for someone to have to expose themselves to go on a witness stand and answer questions about, have you really been harmed? Do you really deserve compensatory damages? I don't think there would be any great problem for somebody to get on the stand and talk about the cost of going to an out-of-district school. Gasoline costs. I mean, those are all damages. They are. They're damages. And I think, really, at bottom, the plaintiff is not looking to make money on this litigation. It wasn't part of an advisory opinion. No, we're looking for an injunction. About something that you haven't defined in your request for an injunction. Your Honor, I think at the pleading stage, the plaintiff's entitled to reasonable inferences in the complaint. And again, the relief will be determined by the court. The challenge is to the Bible in the Schools Program. And certainly, the plaintiff's wanted to convey that any minor modification to that program, in the plaintiff's view, is insufficient to rectify the unconstitutionality. May it please the Court. My name is David Dorey. With my colleague Anna Dunham and Jeremy Dice, we represent the appellees in this case. We've decided to split the arguments here today, 13 minutes and 7 minutes. We represent appellees, Mercer County Board of Education, Mercer County Schools, and Deborah Essigers. How are you dividing it in terms of what's the division? So I'll know whom I'm supposed to ask what. So, I would like to address issues of standing and nominal damages. And my colleague, Ms. Dunham, would like to address issues of brightness. And I understand that those issues may overlap. And so, we're prepared to answer questions about all of those, to the extent the Court would like. We don't represent who appellants have added as an appellee in this case, Rebecca Peery, who I understand was not served. And so, this Court doesn't have personal jurisdiction. There is a motion to dismiss her from this case. But I don't represent her in that motion, nor does Ms. Dunham. To begin, this is a case about nothing. Before appellants joined this lawsuit, Appellant Rowe left school in Mercer County without an intention to return, ever. And despite being given multiple opportunities, including in this Court, these appellants can't bring themselves to say they will benefit from an injunction or from a declaration. Because they won't take advantage of it. We'll just wait here. Yes, Your Honor. So, I'll start. But it sounds like we all had some instincts about that point. And it may or not be sufficient for the plaintiff to not allege that they're coming back. We've explored that point. But even after she's left, she seems like she is driving to a different district. She has the ongoing avoidance and stigmatization damages that this Court has looked at in the Surrey case and the Moss case. What's the defendant's position about, at least on that element of standing, how she doesn't have ongoing damages in light of this Court's press? So, to answer that question, to begin, it seems as if the appellants engaged in some artful pleading to say that the Bible in the Schools Program was a major reason for leaving the district. But not the only reason, and not the but-for cause. And also, their failure to plead compensatory damages is an admission that there's no injury and no damages. I don't think that's a consensual question. Did you understand the question? I may not have. I apologize. We have two cases that have been cited, and I know you're familiar with the Surrey case and the Moss case. Correct. And they talk about stigmatization and avoidance being ongoing types of damages. And it appears that's what the plaintiff is alleging in this case. Now, I appreciate that they haven't alleged compensatories for them. And I appreciate the arguments about the pleadings. But how do you get around the Surrey case and the Moss case for that aspect of the standing argument? In a situation where the plaintiff is avoiding something about which they're complaining, some kind of religious display that they complain about that they say violates the Constitution, they have an ongoing injury because they are avoiding that thing and intend to come back to the place where that thing is being displayed if the court was to order it to be removed. What case holds that latter part is a necessary element of establishing standing? In Surrey, you did have a situation where the plaintiff had stated an intention. And so you had some basis for assuming that the injury would be cut. I'm not sure what you base your assertion on because opposing counsel is very clearly not willing to commit. There's no willingness on the part of the appellate here to commit to whether or not to come back because they're saying it's based on any number of imponderables. So you can't say with certitude that they're not coming back? We can't say with certitude that they're not coming back, to be too sure. But their failure to say so is a problem because they wouldn't benefit from an injunction. They're not being exposed to any kind of conduct that they claim is bad. So you're saying they have to state themselves out with respect to their intention to return? I think that's right. And I think Mr. Schneier... Is there a case that says that? I think that it is probably not been squarely presented in any case. But nevertheless, the case is... Nobody's ever asserted that because these kinds of injuries, this feeling of marginalization and exclusion, you might never go back to the scene of the crime. You feel bad about it. Indeed. And so you couldn't... You wanted to be stopped. You couldn't benefit from it. You couldn't benefit. You don't have to plead that you're going to go back there and glory in the fact that whatever it is has disappeared. I don't think that would... I don't think the Supreme Court would ever hold that. It's not about glorying in that fact. It's about the fact that they asked for an injunction so that the thing would be removed. They live in the county. They know what's going on in the schools. They're vindicated if there's an injunction. They've been proved correct that it was... That all of this marginalization was wrong. That is effectively asking for an advisory opinion from the court below. Are you confusing the requirements of standing with the requirements for obtaining injunctive relief? So I think that, of course, you have to demonstrate standing for each type of relief you request. That is clear Supreme Court precedent. Friends of the Earth against Laidlaw from 2000. In order to get the relief that you request, you don't have to... And you don't have standing for one of them. This case doesn't fall. You still have standing to bring the case, right? You have standing for the other forms of relief. And my point is that once declaratory and injunctive relief fall away for which these plaintiffs don't have standing, what they have left is a claim for nominal damages at the outside of the case. It may be, and that's for us to decide, but on the injunction issue, one issue you've raised is what we've been talking about. Whether they have to plead and assert that they're going to come back. Another issue that's discussed, and if I'm getting... Feel free to defer this question based on y'all's division if I'm getting over the division line. But the other issue is the injunctive relief and the relief it seeks, it seems to me. And you've heard me ask questions about the prayer for relief and how it appears to be a role-based claim. I heard the opposing counsel's response to that. Assume we interpret that to mean the suspended program. I know you disagree with that, but assume we interpret that to be the case. Isn't that a question of mootness and not rightness? To the extent they're seeking perspective relief as to a program that is suspended and actually at this point doesn't exist and won't come back, then it's perhaps both things. I think these are overlapping. The rightness issue deals with our inability to rule because we don't know the parameters. It hasn't come to pass. Mootness deals with something that's no longer in play and it seems to me, again, I'm not saying we go this way, but if we assume it's for the suspended program, we know that program, we could evaluate it and the only issue would be whether it's moot. Indeed, Your Honor, and it is moot because it's gone. There's nothing for this court to do and there was nothing for the court below to do. But mootness comes after the fact. That doesn't mean they didn't have standing at the outset of the case, correct? Mootness is a separate, distinct inquiry. It has to do with whether standing, in a way, exists throughout the case. It's a much more flexible doctrine than standing. Standing, we look at it when the case was filed. Exactly correct. And our point is these folks didn't... Mootness, sort of by definition, comes after the case is filed. Correct. These folks didn't have standing from the beginning. This case is also moot at this point. So, I'm interested in the nominal. There's a lot that has to happen before we would have a nominal damage standalone case. But, yeah, I'm a little torn on that issue. I understand that this court shouldn't be a place if we were in that situation for advisory opinions. Also, I'm sympathetic to plaintiffs who are damaged by constitutional or alleged constitutional violations not being shut out for a basis of recovery. And that's one of the positions you've heard, that if we were to ever take the position that nominal damages of a standalone claim would not be sufficient, that you'd have folks whose rights allegedly have been violated without the ability to have those claims heard. What's your position on that? So, Section 1983, by which you assert constitutional injuries in court, is taken from a tort-like scheme in which plaintiffs plead and should have to prove compensable damages. You can have nominal damages. I'm sorry, Eric? You can have nominal damages in tort claims. So, you shouldn't plead that from the outset of a case because you'd be admitting that you were, in fact, injured and that there's no redressable injury in any case because nominal damages don't redress anything. They're, in fact, a vehicle to obtain a declaratory judgment. That was what they, at common law, generally were for before there was a declaratory judgment. So, there's no compensatory damages, but there's the psychic type of damages that this court and other courts have found to be what can occur with establishment cause-type claims. Is it your position that there is no ability for someone who has those type of claims and might not be quantifiable to... But in this case, you have a plaintiff who very clearly was actively involved in the conduct that is supposed to be alleged to be constitutional and has at least alleged that she's been injured. That person wouldn't have a right to bring those cases in? I disagree with that because if it was the case that the plaintiff, in fact, had those injuries, then what they should do is plead and prove compensatory damages. Now, those may be small, but there is a big distinction between compensatory damages, even small ones, and nominal damages, which at the outset of a case, we believe is an admission that there wasn't an injury and there's nothing to redress. And I'll point out that our understanding of the case law on this point is that there are three circuits that have addressed the issue that's present here, and each one of them has agreed that if you only have nominal damages at the outset of a case, then you can't proceed. The plaintiff does not have standing. What cases are those, real quickly? Morrison in the Sixth Circuit, Kerrigan in the Second Circuit, and Phelps-Roper in the Eighth Circuit. And there are two judges who concurred in other circuits and discussed this at great length. That's the Third and Tenth Circuit cases? Indeed, Your Honor. So we have five judges at least who are really... What was the case that ruled besides Morrison, the other two? Kerrigan in the Second Circuit and Phelps-Roper in the Eighth, which we did not cite in our papers, unfortunately. Phelps-Roper is 697 F3D 678, Eighth Circuit, 2012. And I believe that that, in part at least, overrules the Eden Prairie case, which was earlier. The Phelps-Roper case was en banc in 2012. Who is going to discuss mootness? Ms. Dunham can discuss mootness as well as ripeness. Thank you. Thank you, Your Honors. As my colleague mentioned, my name is Hannah Dunham, and I represent the appellees in this case. I'd like to return to one point that my colleague was making about your question about whether it matters that appellants allege that they return to the school district or not. There are two cases that I would like to address. I'd like to highlight that are on point here. The first is Sir v. Haywood County, which is a Fourth Circuit case from 1997. That was a case involving a challenge to attend commandments display in a county courthouse. In ruling that plaintiffs did have standing to seek an injunction, the court emphasized that Sir had stated an unmistakable intention to participate in future judicial and municipal business. Yes, but that was it. I read that language, actually, to your counsel, but that's a factual distinction. It isn't clear that that's what the court relied on. That's true, Your Honor. I agree with that statement, but the court did make clear that that factual distinction or that fact was part of their analysis. You have a lot of time. You have arguing. You've got seven minutes. I don't. I just wanted to clarify that point to you. Well, I think most of us agree with Sir. OK. To turn to rightness and mootness, we believe that this is an issue of rightness and not mootness because appellants seek prospective relief against a program that does not currently exist. And if it exists, it will be re- Did it exist at the time suit was filed? It did. Well, then it was right. It was right. The time frame of the terms matters. So I agree with that. I think that their original claim is not moot, but they continue to seek this prospective relief against a program that does not currently exist. And that prospective relief against a re-implementation of this program is not right. So it's an issue that it's both not moot and their future challenge is not right. So let me just, I'm not sure I followed that. I think I understand what you're saying. They may be claiming, this may come back up again. You say it's not moot? Apologies if I said that. It is moot. Their original claim is moot. And any challenge to a re-implementation is not right. Go ahead. The standard for finding mootness in the face of a voluntary cessation of the challenge is moot. That's correct. And what you put in as evidence here are newspaper accounts. And the newspaper accounts themselves are equivocal on this. So I think that you have a really, really strong, a really, really weak argument that this is gone forever. Indeed, we have some officials saying we're working to get a new program. So I would like to push back against that based on the state. Have I incorrectly stated what the record evidence that you put in is? Because we can go through it. You have not, Your Honor. I would like to point out another piece of evidence that is also on the record. And that is the statements my counsel made during oral argument that the lower court made very clear our binding upon Mercer County. And that is that this program has been indefinitely canceled and will not return in the same form. But that doesn't do you any good. The same form is the whole problem. It will not return in the same form. I understand that. There could be a slightly different form that still is putting them on constitutional and not materially different. My colleague has a question. And would the district court rely heavily on the fact that the teachers were terminated? I gather that factors into your analysis. But I'm not quite sure. The state of play is in question. The standard for rendering an action when a defendant filed a felony is a problem. Do you know? So what specifically gets us to think? So not only were the teachers terminated, the program was not offered for the 2017-2018 school year and the 2018-2019 school year, these past two school years. And there has now- Do we know both of those things from the record? We do not. I'm informing you of the current state of events. If you would indulge me. Which one? We don't know about it not being offered the last two years. You do know about- Well, maybe I'm wrong. I remember the teachers being terminated. Yes, that is on the record. If you'd indulge me, there's also now been put into place an after-school program not funded or affiliated with Mercer County. That is a- What else do you have in the records? We have statements by counsel that the program has been indefinitely suspended and- In this form. In this form. Never going to come back in this form. Correct. And we have the lower court's assurance that they are more than capable of issuing an injunction if it were to come back. Plaintiffs could file a Rule 60B motion and ask for that injunction if it were to come up. And the lower court has made clear that they, if the program is unconstitutional, more than capable of issuing that injunction. That may be. But I guess we get, on the ripeness issue, you know, it doesn't seem that there's a ripeness issue to the extent we're talking about the current program. There may be a mootness issue. We've been talking about that. The district court didn't address that. We talked a little bit about the record. But is it, are you contending there's a ripeness issue with respect to the suspended program? I am, Your Honor. In so far as appellants are alleging that we can simply re-implement this at any time, they're challenging a future program. They're asking for prospective relief against this future program that doesn't exist, the details of which are not clear. And as you all know, the Establishment Clause cases require context-specific and fact-detailed analysis. Well, I appreciate the argument that we, it may not, we, an injunction against a program not heretofore put into place may not be right. But to the extent the injunction is about the program that was suspended, that was in place at the time the lawsuit was initiated, that wouldn't be, that would be right, correct? Correct. I think our focus is that that program has been indefinitely suspended, and yet appellants continue to bring this prospective relief, and that prospective relief against a future implementation of the program is not right. Thank you. Just very briefly on mootness and ripeness. I want to make clear we are challenging the prior program. The plaintiffs are challenging that program, not an undetermined future program, which this court would not be able to consider. Last note on mootness, with respect to the representations of counsel, insufficient to meet the burden under voluntary cessation. But I would point out that on pages 274 and 275 of the appendix, that's where, in the oral argument, those representations were made. All that counsel said is that it is clear from media accounts that the program will not return, not some independent representation. Very briefly, I wanted to touch on a couple of questions that Judge Guadalbong had on nominal damages. Mr. Dorey said that there is a big distinction between nominal damages and compensatory damages. And that highlights the sort of razor's edge upon which the defendant's argument on this issue really balances. They would seek to have this case dictated by the difference between $1 and $100. $1 in a nominal damages judgment, $100 in a compensatory damages judgment. And the Supreme Court has spoken on this issue, not directly, but made comments that would suggest that these fundamentally are the same thing. In Farrer v. Harvey, the court said that a judgment for damages in any amount, whether compensatory or nominal, changes the relationship of the litigating parties. And really what this gets at is that the underlying injury for a compensatory damage claim and a nominal damage claim is the same injury. In one case, you have damages that can't be demonstrated through compensatory damages. So the recognition there is $1 in nominal damages. Yeah, I understand that. But there's something about, again, if you were to assume there's no valid injunction claim for the sake of this position, that if a plaintiff seeks a standalone nominal damages claim, they're really seeking at the outset of the case really nothing more than a piece of paper that says a program that is no longer in existence potentially was in doubt. And the Judge Smith and the Third Circuit cases, the New Kensington case, has a very thoughtful concurrence to that opinion. You may disagree with it. It really talks about what we're here to do and what we're not here to do. And I get both sides of this argument. I'm troubled by both sides having appealed to me. But there's something about going too far with your argument where we're here giving advisory opinions when there's nothing left in dispute. I understand, Your Honor. And very, very quick final note with the reference to Judge Smith's concurrence. I guess I want to point out that there is a... I understand that there might be perceived to be a slippery slope here of opening the courthouse to claims that are really seeking advisory opinions. But there is a slippery slope in the other direction. And that is that a government would be given one free pass to violate the constitutional rights of plaintiffs if these claims are not actionable on nominal damages. The government could correct its conduct. And assuming that the plaintiffs did not suffer compensable injury in that violation, the plaintiff would have no claim for that violation. So I just wanted to point that out. The alleged infirm conduct has gone away in that situation. That's right, Your Honor. But... And I guess that's the point, that that one injury would not be redressable. Thank you. Very quickly on the injunctive relief. The Sur case, the unmistakable intention to return was pled there specifically because the injury was not ongoing. The injury was direct contact. And so there needed to be something to suggest that that would occur in the future. And I guess I would just close by noting that this circuit has consistently recognized that sort of at the bottom, the standing doctrine is designed to ensure that the right party is bringing an action. Elizabeth Thiel and Jessica Rowe are the right parties here. There may be no better parties. They are suffering ongoing injuries. They are... Elizabeth continues to reside in the community where she feels like an outsider because of this program. And they have felt the full brunt of these injuries in the past. And so given the experiences of these plaintiffs, and because standing is about finding the right plaintiff, we would request that the district court decision be reversed and that these plaintiffs be permitted to go forward in their claim. Thank you. Thank you very much. We will come down and greet the lawyers and then go to our last...
judges: Diana Gribbon Motz, Allyson K. Duncan, A. Marvin Quattlebaum Jr.